### FEDERAL LAND BANK OF NEW ORLEANS v. SANDERS.

#### No. 1574.

Court of Appeal of Louisiana. First Circuit.

March 23, 1936.

Reid & Reid, of Hammond, for appellant.

Hypolite Mixon, of Amite, for appellee.

OTT, Judge.

On April 3, 1934, the plaintiff bank leased to defendant by written contract a farm consisting of some 440 acres located 6 miles northeast of Amite for a rental of $250 which lease expired on December 1, 1934. The lessee did not vacate the premises on the expiration of the lease, and on April 29, 1935, plaintiff bank filed this proceeding by rule to eject defendant from the premises. The rule was made returnable on May 3, 1935.

Defendant answered setting up an agreement with the representatives of plaintiff bank for a new lease on the property in March, 1935; that plaintiff's agent asked him if he wanted to stay on the place as a tenant, to which he answered that he did, whereupon the agent of plaintiff asked him to call at the office of Mr. Cassell in Amite and sign a new contract; that he called at the office as requested, and Mr. Cassell told him that he was in a hurry and for him to sign the blank form of lease on four sheets, with the understanding that he was to get a copy and was told to go ahead; that with this understanding he proceeded to plant a crop on the place; that plaintiff did not notify him that the lease which he signed would not be accepted until about April 1, 1935, when defendant was advised that plaintiff had sold the place and he was asked to vacate the premises, plaintiff agreeing to pay him for his crop, but has never done so. In his answer defendant asks that if he is forced to vacate he be allowed $500 as the value of the crop on the place.

The trial in the lower court resulted in a judgment in favor of defendant, rejecting the demands of plaintiff, and dismissing the rule. Plaintiff has appealed.

So far as the record shows, no effort was made by plaintiff to have defendant vacate the place after the lease expired on December 1, 1934, and before the alleged new agreement was had in the early part of March, 1935. However, under the terms of the original lease, there was to be no tacit or implied reconduction of the lease. It follows, therefore, if defendant was entitled to possession of the premises when the rule was filed against him on April 29, 1935, that right did not arise from a reconduction of the original lease under article 2688 of the Civil Code.

The evidence shows that in the early part of March, 1935, the field representative of plaintiff bank, Mr. Cassell, and another representative of the bank, Mr. Neal, came to see defendant about the renting of the place. Mr. Cassell says that he told defendant at that time if he wanted to stay on the place he would have to sign another contract and for defendant to come to his office and do so. Mr. Cassell further says that defendant did come to his office and sign the blank contract of lease, but that he then called defendant's attention to the fact that he had not fulfilled his other contract and that he (Cassell) would have to get the approval of plaintiff on this new contract; that he told defendant that he would not send in the contract to the bank, but would hold it until the supervisor came out and he would discuss the matter with him, but in the meantime the bank sold the place.

The defendant's version of the arrangement for the new lease is to the effect that Mr. Cassell and Mr. Neal came to see him and told him that the bank was on their neck about the place and wanted to know if he wanted to stay on the place; that he stated to these two representatives of the bank that he did want to stay on the place and these two men told him it would be alright. They told him to come in town next day and sign the lease; that he went to Mr. Cassell's office the next day to sign the lease, but that Mr. Cassell was in a hurry and asked him to sign four blank forms of the lease which Cassell promised to fill out and mail defendant a copy and send the bank a copy. Defendant testifies that, relying on this arrangement for the continued lease of the place, he planted a crop on the place, when, about April 1, 1935, Mr. Cassell and another representative of the bank came to his place and told him that the bank had sold the place and offered to pay him $200 for his crop in order to get him to move off, but the amount was never paid.

As all parties understood that this new lease was to be in writing, and as it appears that it was never completed as contemplated, it cannot serve as the basis of a new written contract of lease. However, as it appears from the evidence that defendant was led to believe by these two representatives of the bank that he would be given a new lease on the place, and on the strength of that representation defendant proceeded to plant a crop on the farm and sublet part of the premises, we think the plaintiff was estopped from ejecting defendant from the premises, particularly as defendant had not been paid for the value of the crop then growing on the place. Where one person, by his words or conduct, has intentionally caused another to act in such a way as to cause him expense or detriment, the former is concluded from averring against the latter and to his prejudice, a different state of facts.

For the reasons assigned, the judgment appealed from is affirmed.